IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC DRAKE,

                Plaintiff,

v.                                      OPINION and ORDER

APPLE, INC.,                         24-cv-506-jdp

                Defendant.

---

Plaintiff Eric Drake, proceeding without counsel, alleges that Apple employees discriminated against him based on his race when he sought their assistance about a defective Apple computer he bought. In screening the complaint, I concluded that Drake failed to explain why he brought this lawsuit in this court: his assertion that he is a Wisconsin citizen appeared to be incorrect and the relevant events did not appear to occur in the Western District of Wisconsin. Dkt. 6. I noted that "Drake has a long history of filing 'frivolous, vexatious, harassing, or repetitive litigation' and has "'claimed to be domiciled in multiple states using frequently changing post office box addresses.'" *Id.* at 1–2 (quoting *Drake v. Travelers Indem. Co.*, No. 20-40492, 2022 WL 4138355, at *1 (5th Cir. Apr. 28, 2022) (additional internal quotations omitted). I directed Drake to respond with a sworn declaration explaining (1) the basis for his assertion of Wisconsin citizenship; and (2) specifically where the events detailed in his allegations occurred. *Id.* at 2.

Drake has responded with an unsworn document stating that he erroneously called himself a Wisconsin citizen "but this can happen when copying older formats from another styled case-and re-pasting," Dkt. 8, at 2, and that in any event he is interested in moving to Wisconsin after he recovers from a recent brain injury. He asks this court to either stay the

case while he recovers or "send it to mediation." *Id.* at 3. He states that the incident underlying this lawsuit occurred in China because the allegedly defective Apple computer he purchased was manufactured and shipped from there.

Courts rarely sua sponte transfer cases for improper venue under 28 U.S.C. § 1404(a) but I conclude that it is appropriate to do so here. *See* § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); *see also, e.g., Advanced Turf Solutions, Inc. v. Johns*, 16-cv-2769, 2016 WL 6996219 (S.D. Ind. Nov. 30, 2016) (raising the issue of transfer sua sponte and giving parties a chance to respond). It's clear from Drake's filings that there isn't a good reason for him to have filed this case here. Regardless where his Apple computer was manufactured, his allegations refer to interactions with "Apple local employees" when he complained about the condition of the computer. Dkt. 1, ¶ 37. Drake's subsequent filings show that he resides in Dallas. *See* Dkt. 8-3. The convenience of the parties and witnesses favors this case being litigated in the United States District Court for the Northern District of Texas, Dallas Division.

The interest of justice also favors transfer. It is likely that Drake filed his lawsuit here to evade sanctions against him in the Dallas Division. That court has barred Drake from seeking leave to proceed without full prepayment of the filing fee under 28 U.S.C. § 1915, also known as "in forma pauperis" status, without first obtaining leave from the court. *Drake v. Nordstrom Dep't Stores*, No. 18-cv-471, 2018 WL 1399179, at *3 (N.D. Tex. Mar. 1, 2018) (adopting sanctions issued by the United States District Court for the Eastern District of Texas), *report and recommendation adopted*, No. 18-cv-471, 2018 WL 1404320 (N.D. Tex. Mar. 19, 2018). Drake's statement that he mistakenly called himself a Wisconsin citizen because of

a cutting-and-pasting error is almost certainly false; that doesn't explain why the cover letter to his complaint included a Sheboygan address for a mailing business called the Shipping Mill despite him residing in Dallas. *See* Dkt. 1-1. Drake states that as a Black man he has been mistreated by "Southern Jim Crow[] judges in the lower states." Dkt. 8, at 2. That fails to persuade me that Drake can't get a fair shake in the Northern District, and it suggests that he is aware that he is attempting to circumvent litigating this case in the most convenient venue. I will not allow Drake to evade his sanctions by litigating in this court his case about events occurring in Texas.

ORDER

IT IS ORDERED that this case is TRANSFERRED to the United States District Court for the Northern District of Texas, Dallas Division.

Entered November 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3